UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BARBARA ACETO and JOAN GUARINO )
                                )
        Plaintiffs,              )
                                )
v.                               )   Civil Action No. 05-11127-GAO
                                )
INTERNATIONAL PAPER CO., et al,  )
                                )
        Defendants.              )
                                )

**JOINT STIPULATION AND MOTION TO EXTEND TIME TO RESPOND
TO COMPLAINT AND STAY ALL PRETRIAL DEADLINES AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs Barbara Aceto and Joan Guarino, and Defendants Stora Enso North America Corporation ("SENA"), Stora Enso Oyj, S.D. Warren Company, Sappi Limited, MeadWestvaco Corporation, UPM-Kymenne Inc., Myllykoski Corporation, Norske Skog Canada (USA) Inc., M-real USA Corp., and M-real Oyj, through their respective counsel, jointly move to extend the time to respond to the complaint and stay all pretrial deadlines in the above-captioned action. The undersigned counsel for SENA certify that Defendants Norske Skog North America LLC, Norske Skog (USA) Inc., and International Paper Co., have been contacted through their respective national counsel, and assented to the relief requested. The moving Defendants are referred to collectively herein as "Defendants." In support thereof, Plaintiff and Defendants stipulate as follows:

WHEREAS, on May 31, 2005, Defendants S.D. Warren Company, MeadWestvaco Corporation and UPM-Kymenne Inc. filed a Notice of Removal to

Federal Court removing this action which was originally filed in the Superior Court of the Commonwealth of Massachusetts (Middlesex);

WHEREAS, the Judicial Panel on Multidistrict Litigation was notified of this Action as a potential tag-along action on June 1, 2005 pursuant to Rule 7.5(e) of the Rules of Procedure for the Panel on Multidistrict Litigation and the Judicial Panel on Multidistrict Litigation's Transfer Order in In Re Publication Paper Antitrust Litigation, MDL No. 1631, dated November 12, 2004, (Attachment A);

WHEREAS, Defendants anticipate that no defendant in this action will oppose transfer and consolidation of this action with In Re Publication Paper Antitrust Litigation, 3:04 MDL No. 1631 (SRU), currently pending in the District of Connecticut;

WHEREAS, Plaintiffs will seek remand of this action to the Middlesex Superior Court and are considering whether to oppose transfer and consolidation of this action with In Re Publication Paper Antitrust Litigation, 3:04 MDL No. 1631 (SRU);

WHEREAS, Plaintiffs and Defendants would like to minimize the burdens on the parties and this Court through a stay of all deadlines in this action until final resolution of whether this action will be remanded, transferred and consolidated with In Re Publication Paper Antitrust Litigation, 3:04 MDL No. 1631 (SRU), or remain before this Court; and

WHEREAS, Plaintiffs and Defendants agree that this Joint Stipulation is submitted without prejudice to, or waiver of, any defenses that Defendants may have to this action including without limitation, the absence of personal jurisdiction and/or insufficiency of services of process;

NOW THEREFORE, the Parties hereby stipulate and agree as follows:

1. To the extent that any served or subsequently served defendant is required to respond to the complaint in this action, the deadline for doing so shall be:

    A) 20 days after a motion for remand is granted; OR

    B) 20 days after: (i) an order from the Clerk of the Judicial Panel on Multidistrict Litigation transferring this action is filed with the Clerk of the District of Connecticut pursuant to Rules 7.4(a) and (e) of the Rules of Procedure for the Panel on Multidistrict Litigation, thereby effecting transfer; or (ii) a motion from Plaintiffs opposing transfer of this action pursuant to Rule 7.3(b), Rule 7.4(c) and (d), and/or Rule 7.5(b) of the Rules of Procedure for the Panel on Multidistrict Litigation is granted.

2. All pretrial deadlines, including the time period in which to conduct the parties' planning conference under Federal Rule of Civil Procedure 26(f), shall be stayed in this action until:

    A) 20 days after a motion for remand is granted; OR

    B) 20 days after: (i) an order from the Clerk of the Judicial Panel on Multidistrict Litigation transferring this action is filed with the Clerk of the District of Connecticut pursuant to Rules 7.4(a) and (e) of the Rules of Procedure for the Panel on Multidistrict Litigation, thereby effecting transfer; or (ii) a motion from Plaintiffs opposing transfer of this action pursuant to Rule 7.3(b), Rule 7.4(c) and (d), and/or Rule 7.5(b) of the Rules of Procedure for the Panel on Multidistrict Litigation is granted.

Dated: June 3, 2005

**STIPULATED TO AND AGREED TO:**


By   /s/ Daniel D'Angelo

Daniel D'Angelo, Esq., BBO# 547880
Bonsignore & Brewer
23 Forest Street
Medford, MA 02115
(781) 391-8400

*Counsel for Plaintiffs Barbara Aceto and
Joan Guarino*



By   /s/ Steven W. Kasten

Steven W. Kasten, Esq., BBO # 318840
Lauren Pappenhausen, Esq. BBO# 655527
McDermott Will & Emery, LLP
28 State Street
Boston, MA 02109
(617) 535-4035
(617) 535-3800 (Fax)

*Counsel for Defendants Stora Enso North America Corporation and Stora Enso Oyj*


By   /s/ Jane E. Willis

Jane E. Willis, Esq., BBO# 568024
Ryan M. DiSantis, Esq., BBO# 654513
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000
(617) 951-7050 (Fax)

*Counsel for Defendants S.D. Warren Company and Sappi Limited*

- 5 -

By:   /s/ Erich R. Luschei

Erich R. Luschei (BBO # 558180)
Peter McAllen
JONES DAY
555 W. Fifth St., Suite 4600
Los Angeles, CA 90013
Phone: (213) 489-3939
Fax: (213) 243-2539

Melissa J. Nandi
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
Phone: (216) 586-3939
Fax: (216) 579-0212

*Counsel for Defendant UPM-Kymenne, Inc.*


By   /s/ Matthew A. Caffrey

Matthew A. Caffrey, Esq.
Caffrey & Smith, P.C.
300 Essex Street
Lawrence, MA 01840
978-686-6151 (tel)
978-683-3399 (fax)

*Counsel for Defendant MeadWestvaco Corporation*

- 6 -

By   /s/ Alan R. Hoffman

Alan R. Hoffman, Esq., BBO# 235850
Dale C. Kerester, Esq., BBO# 548385
Lynch, Brewer, Hoffman & Fink, LLP
101 Federal Street
Boston, MA 02110-1800
(617) 951-0800

Jesse W. Markham, Jr., Esq., BBO# 544272
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

*Counsel for Defendant Norske Skog Canada (USA), Inc.*

By   /s/ David R. Geiger

David R. Geiger, Esq., BBO# 188120
Kirk G. Hanson, Esq., BBO# 655534
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA  02210-2600
Phone:  (617) 832-1000
Fax:  (617) 832-7000

*Counsel for Defendants M-real USA Corp. and M-real Oyj*


By   /s/ Jonathan I. Handler

Jonathan I. Handler, Esq.
Mark E. Swirbalus, Esq.
Day Berry & Howard LLP
260 Franklin Street
Boston, MA 02110
(617) 345-4600
(617) 345-4745

*Counsel for Defendant Myllykoski Corporation*

## CERTIFICATE OF SERVICE

I, Steven W. Kasten, hereby certify that on June 2, 2005 I electronically filed the Joint Stipulation to Extend Time to Respond to Complaint and Stay All Pretrial Deadlines with the Clerk of Court with a true and correct copy, postage prepaid to:

Daniel D'Angelo, Esq.
Bonsignore & Brewer
23 Forest Street
Medford, MA 02115

Jane E. Willis, Esq.
Ryan M. DiSantis, Esq.
Ropes & Gray LLP
One International Place
Boston, MA 02110

David R. Geiger, Esq.
Kirk G. Hanson, Esq.
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600

Daniel Nelson, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, NW
Washington, DC 20036

Kenneth M. Kramer, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069

Erich R. Luschei, Esq.
Peter McAllen
JONES DAY
555 W. Fifth St., 4600
Los Angeles, CA 90013

Alan R. Hoffman, Esq.
Dale C. Kevestar, Esq.
Lynch, Brewer, Hoffman
& Fink, LLP
101 Federal Street
Boston, MA 02110-1800

Jesse W. Markham, Jr., Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

Melissa J. Nandi, Esq.
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114

Jonathan I. Handler, Esq.
Mark E. Swirbalus, Esq.
Day Berry & Howard LLP
260 Franklin Street
Boston, MA 02110

Vanessa H. Forsythe, Esq.
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2402

Mathhew A. Caffrey, Esq.
Caffrey & Smith, P.C.
300 Essex Street
Lawrence, MA 01840

Hugh F. Bangasser
Preston Gates & Ellis LLP
925 Fourth Ave., Suite 2900
Seattle, WA 98104

Dated:  June 3, 2005

    /s/ Steven W. Kasten
Steven W. Kasten, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109

BST99 1460551-1 059563 0054

EXHIBIT A

Case 1:05-cv-11127-GAO    Document 14-2    Filed 06/03/2005    Page 1 of 5

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

November 12, 2004

TO INVOLVED COUNSEL

Re: MDL-1631 -- In re Publication Paper Antitrust Litigation

(See Attached Schedule A of Order)

Dear Counsel:

I am enclosing a copy of a Panel order filed today in the above-referenced matter.

The Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425 (2001), and specifically, Rules 1.1, 7.4 and 7.5, refer to "tag-along" actions. Please familiarize yourself with these Rules for your future reference. With regard to Rule 7.5, you need only provide this office with a copy of the complaint which you feel qualifies as a "tag-along" action and informally request that our "tag-along" procedures be utilized in transferring the action to the transferee district. If you have any questions regarding procedures used by the Panel, please telephone this office.

Very truly,

Michael J. Beck
Clerk of the Panel

By _____
       Deputy Clerk

Enclosure

JPML Form 35

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 1 2 2004

RELEASED FOR PUBLICATION

FILED
CLERK'S OFFICE

## DOCKET NO. 1631

### *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

### *IN RE PUBLICATION PAPER ANTITRUST LITIGATION*

### *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of the three actions in the District of Connecticut, two actions in the Southern District of Illinois and one action each in the Northern District of California, the District of Minnesota, the Western District of Washington, and the Eastern District of Wisconsin as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiff in one District of Connecticut action for coordinated or consolidated pretrial proceedings of the actions in that district. All responding defendants[2] and nearly all responding plaintiffs now support the motion for transfer to the District of Connecticut. Initially, plaintiff in the Western District of Washington action and plaintiff in the Eastern District of Wisconsin action each moved for centralization in the district in which its action is pending. Plaintiff in the Western District of Washington action subsequently withdrew its motion and added its support to the motion for transfer to the District of Connecticut. Plaintiff in the Eastern District of Wisconsin action first offered the District of Connecticut as an alternative choice for transferee forum, but, at oral argument, also supported the motion for transfer to the District of Connecticut. Plaintiffs in the two Southern District of Illinois actions agree that transfer is warranted, but propose the Southern District of Illinois as transferee district.

---

[1] The parties have notified the Panel of fifteen related actions pending as follows: eight actions in the District of Connecticut; two actions each in the Northern District of Illinois and the District of New Jersey; and one action each in the District of Massachusetts, the Northern District of Ohio and the Eastern District of Pennsylvania. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Responding defendants are International Paper Company; MeadWestvaco Corporation; Norske Skog North America, LLC; Norske Skog (USA), Inc.; Norske Skog Canada Limited; Norske Skog Canada (USA), Inc.; Stora Enso North America Corporation; M-real USA Corporation; Madison International Sales Company; Bowater, Inc.; and S.D. Warren Company.

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that these nine actions involve common questions of fact, and that centralization under Section 1407 in the District of Connecticut will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share allegations that the defendants and their co-conspirators engaged in a continuing contract, combination or conspiracy in restraint of trade to artificially raise, fix, maintain or stabilize prices for publication paper in violation of federal antitrust laws. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Connecticut is an appropriate transferee forum for this docket. We note that the District of Connecticut has 1) the largest number of pending actions; 2) the support of plaintiffs in nearly all actions and potential tag-along actions pending in this district and elsewhere; 3) the endorsement of all responding defendants; 4) a strong nexus to the litigation with the presence of many defendants, including the largest domestic defendant, in the state; and 5) the resources that this complex antitrust docket is likely to require. We also observe that this district is a geographically convenient location, given the location of principal defendants and potential defendants and witnesses in the eastern part of the United States and in Europe.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Connecticut are transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable Stefan R. Underhill for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

/s/ Wm. Terrell Hodges
--------
Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1631 -- In re Publication Paper Antitrust Litigation

### Northern District of California

*T&W Printing, Inc. v. International Paper Co., et al.*, C.A. No. 4:04-2428

### District of Connecticut

*Charles J. Gardella, Jr., etc. v. International Paper Co., et al.*, C.A. No. 3:04-935
*Larry Weiss, etc. v. International Paper Co., et al.*, C.A. No. 3:04-974
*Acorn/Parliament Paper Inc. v. International Paper Co., et al.*, C.A. No. 3:04-1077

### Southern District of Illinois

*Nies Artcraft Co., Inc. v. International Paper Co., et al.*, C.A. No. 3:04-455
*Three Z Printing Co. v. International Paper Co., et al.*, C.A. No. 3:04-4110

### District of Minnesota

*Newtown Business Forms Corp. v. International Paper Co.*, C.A. No. 0:04-3035

### Western District of Washington

*MMP BALA, Inc. v. International Paper Co., et al.*, C.A. No. 2:04-1496

### Eastern District of Wisconsin

*Austin Printing Co., Inc. v. International Paper Co., et al.*, C.A. No. 2:04-668